```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
In the Matter of the Petition to
Stay the Arbitrations Demanded of:

DIRA REALTY, LLC/CMP IMPROVEMENTS,
INC.,
                                              NOT FOR PUBLICATION
        Plaintiff,
                                              ORDER
                                              10-CV-5485 (KAM)
        v.

LOCAL 1031, UNITED SERVICE WORKERS
UNION INTERNATIONAL AND ALLIED
TRADES,

        Defendant.
-----------------------------------X
```
**KIYO A. MATSUMOTO,** United States District Judge:

WHEREAS plaintiff, Dira Realty, LLC/CMP Improvements, Inc. ("Dira Realty") and defendant, Local 1031, United Service Workers Union of International and Allied Trades ("Local 1031"), entered into a collective bargaining agreement ("CBA") which became effective on August 15, 2010;

WHEREAS, after a dispute arose between the parties, Local 1031 filed a letter dated October 8, 2010 submitting the dispute to arbitration, which arbitration is currently scheduled to proceed on December 29, 2010;

WHEREAS on October 28, 2010, Dira Realty moved for a permanent stay of arbitration in New York Supreme Court, Queens County, and Local 1031 subsequently removed the action to this court on November 29, 2010;

WHEREAS by motion dated December 6, 2010, Local 1031 moved to dismiss the petition in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6);

WHEREAS without responding to Local 1031's motion to dismiss, Dira Realty sought permission from the Chambers of the Honorable Sterling Johnson, Jr. to move for injunctive relief to stay the arbitration, and was directed by said Chambers on December 17, 2010 to file all motions papers via ECF by no later than the morning of December 20, 2010;

WHEREAS on December 20, 2010, without having filing such motion papers via ECF, Dira Realty contacted this court, indicating it was seeking a temporary restraining order, and by subsequent facsimile transmitted to the undersigned's Chambers, moved this court for an Order to Show Cause "why an Order should not be entered staying the arbitration currently sought as a result of a Demand for Arbitration made by respondent Local 1031" ("OSC") without attaching any affidavit indicating service of the papers upon Local 1031;

WHEREAS by an AMENDED SCHEDULING ORDER issued on December 20, 2010, the court ordered movant Dira Realty to serve a complete copy of the motion papers on their adversary via ECF by 2:15 p.m., and Dira Realty failed to file any documents via ECF until later than 3:30 p.m., and whereas the moving papers

2

belatedly filed by Dira Realty omittede the memorandum of law which was faxed to the court; and

WHEREAS accordingly, there is nothing in the record to indicate that the entirety of Dira Realty's moving papers were properly filed and served on its adversary, Local 1031, as directed by Judge Johnson and the undersigned;

IT IS HEREBY ORDERED that to the extent Dira Realty moves to "stay" or enjoin the arbitration, the motion is denied pursuant to Federal Rule of Civil Procedure 65, which requires that a preliminary injunction may issue "only on notice to the adverse party" because the record before the court indicates that Dira Realty failed to provide the requisite notice to its adversary (Fed. R. Civ. P. 65(a)(1)), or to certify in writing "any efforts made to give notice and the reasons why it should not be required" (Fed. R. Civ. P. 65(b)(1)(B)); and further

WHEREAS injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion;" Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (emphasis omitted);

WHEREAS in order to be entitled to injunctive relief, a movant must show that it is likely to suffer "irreparable harm" absent such relief, and further, either (1) the likelihood of

success on the merits of its claim, or (2) "sufficiently serious questions going to the merits of the case to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary relief," see LaForest v. Former Clean Air Hldg. Co., Inc., 376 F.3d 48, 54 (2d Cir. 2004);

  WHEREAS in its moving papers, Dira Realty has failed to set forth the applicable legal standard for injunctive relief, or any legal standard governing motions to "stay," but instead appears merely to argue the merits of the pending motion to dismiss the petition;

  WHEREAS Dira Realty has further failed to allege any injury – let alone irreparable injury – likely to result if injunctive relief is denied; and

  WHEREAS Dira Realty has thus utterly failed establish any of the factors necessary to demonstrate its entitlement to the "extraordinary and drastic remedy" of injunctive relief, see Mazurek, 520 U.S. at 972, and particularly, has failed to make any showing of its urgent need for injunctive relief on the basis of irreparable harm, see Buffalo Forge Co. v. Ampco-Pittsburgh Corp., 638 F.2d 568, 569 (2d Cir. 1981) ("There must also be a showing of irreparable harm, the absence of an adequate remedy at law, which is the *sine qua non* for the grant

4

of such equitable relief.");

IT IS FURTHER ORDERED that to the extent Dira Realty moves for an order to show cause and a hearing on whether this court should issue a stay, an injunction, or a temporary restraining order to stay the arbitration, the application is denied as lacking merit based on the record before the court.

Dated: Brooklyn, New York
December 20, 2010

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York