UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
In the Matter of the Petition to
Stay the Arbitrations Demanded of:

**DIRA REALTY, LLC/CMP IMPROVEMENTS,
INC.**,

      *Plaintiff*,

      v.

**LOCAL 1031, UNITED SERVICE WORKERS
UNION INTERNATIONAL AND ALLIED
TRADES**,

      *Defendant*.
----------------------------------X

NOT FOR PUBLICATION

**ORDER**
10-CV-5485

**KIYO A. MATSUMOTO,** United States District Judge:

      Pending before the court is plaintiff's December 22, 2010 letter application for reconsideration that sets forth plaintiff's "review of the facts leading up to the presentation of Plaintiff's Order to Show Cause seeking a temporary restraining order, staying the arbitration . . ." and, for the first time, plaintiff's legal arguments in support of its application for injunctive relief. (See ECF No. 9, Ltr. dated 12/22/10.) Defendant opposes the motion for reconsideration and seeks leave for additional time to respond. (See ECF Nos. 10, Ltr. dated 12/23/10, and 11, Ltr. dated 12/27/10.) As set forth more fully herein, the court denies plaintiff's motion for reconsideration because plaintiff fails to meet the stringent

standard for a motion for reconsideration. Accordingly, the court has no need for additional submissions from defendant.

## **Procedural Background**

First, addressing plaintiff's "review of the facts" regarding its application for injunctive relief, the court respectfully disagrees with plaintiff's view and provides the following additional detail to the facts set forth in its order dated December 20, 2010. Judge Johnson's chambers was contacted by the parties on Friday, December 17, 2010, at approximately 5:00 p.m., and was advised that plaintiff intended to seek a temporary restraining order ("TRO"). Judge Johnson's chambers directed plaintiff's counsel to file supporting papers by ECF that evening or over the weekend, so that his adversaries and the court would have the ability to review his submission by Monday morning. Anticipating that plaintiff's counsel would comply with the directive to timely file its papers by ECF, Judge Johnson's chambers advised plaintiff's counsel that Judge Johnson could hear the parties at 2:00 p.m. on Monday, December 20, 2010.

As of the morning of December 20, 2010, plaintiff had not filed its papers in support of the TRO, and Judge Johnson's chambers continued to check the ECF docket throughout the morning, between court conferences. At approximately 12:00

p.m., Judge Johnson's chambers contacted plaintiff's counsel inquiring why the papers had not been filed and whether the plaintiff intended to proceed and still wished to be heard at 2:00 p.m. that day. Plaintiff's counsel responded that he sent his papers via Federal Express to chambers,[1] but did not confirm that he had filed his papers via ECF. Judge Johnson's chambers advised plaintiff's counsel that his papers had not arrived in chambers and that because he had not submitted the papers as directed, Judge Johnson would be unable to review the papers and hear him at 2:00 p.m. that day, and that plaintiff's counsel would have to contact the miscellaneous judge.

At approximately 1:00 p.m. on December 20, 2010, plaintiff's counsel contacted my chambers, advising that he wished to be heard on an application for a temporary restraining order because Judge Johnson was unable to hear him that afternoon. This court had oral argument on multiple defense motions in a complex criminal fraud case scheduled on December 20. Nonetheless, both orally and by order entered at approximately 1:27 p.m.,[2] my chambers directed that plaintiff's

---

[1]   Judge Johnson's chambers advises that it did not direct plaintiff's counsel to send his papers to court via Federal Express or serve his adversaries by mail. Indeed, Judge Johnson's motion practices provide that a courtesy copy may be provided to chambers. (See Section III. E).

[2]   The time of the entry of each order is indicated on the ECF docket under "display receipt." Because counsel who practice before this court receive submissions and orders when entered on ECF, the court finds unavailing plaintiff's argument that he did not "receive" the court's orders

3

counsel fax a copy of his papers to chambers, and ensure that his adversary received copies of the plaintiff's papers and notice that the hearing regarding plaintiff's requested TRO would be scheduled for 5:00 p.m. that afternoon. Noting that the docket still did not reflect that plaintiff had filed any papers in support of his oral request for injunctive relief, the court issued an order at 1:42 p.m., again ordering that plaintiff file all motion papers by 2:15 p.m., without which the court would be unable to entertain plaintiff's application.

In defiance of yet another court order, plaintiff did not file his papers until approximately 3:25 p.m. Upon review of plaintiff's papers, which failed to provide an adequate legal basis for an injunction, the court entered an order at approximately 4:13 p.m., adjourning without date the TRO hearing, in an effort to save the parties the expense of paying their counsel to appear. By order entered at approximately 7:38 p.m., on December 20, 2010, the court denied plaintiff's request for an order to show cause and TRO and set forth the factual and legal bases for its decision, including but not limited to plaintiff's failure to carry its burden, both procedurally and

---

until 12:06 a.m. on December 21, 2010. Plaintiff's counsel does not explain why his office has not arranged to receive instantaneous notification of court orders and other filings via ECF, as other counsel do. The ECF record dated December 21, 2010 at 12:06 a.m., attached to plaintiff's letter motion for reconsideration, is a summary of all ECF activity in this action on December 20, 2010, including the aforementioned court orders.

substantively, to establish its entitlement to the "extraordinary and drastic remedy" of injunctive relief. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

## **Motion for Reconsideration**

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3. See, e.g., Shearard v. Geithner, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010). Plaintiff does not specify the Rule pursuant to which it seeks reconsideration. Because plaintiff has not provided any arguments that, liberally construed, fall into any of the specific grounds for relief enumerated in Rule 60(b)(1)-(5) or present "extraordinary circumstances" justifying relief under the catch-all provision of 60(b)(6), see Fed. R. Civ. P. 60(b); Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 190 n.8 (2d Cir. 2006) (a Rule 60(b)(6) motion requires "extraordinary circumstances"), the court will treat plaintiff's submission as a motion for reconsideration under Rule 59(e).

To take advantage of Rule 59(e), the moving party must seek reconsideration "no later than 28 days after the entry of the judgment."[3] Fed. R. Civ. P. 59(e); see also Local Civil Rule

---

[3] Plaintiff's letter was filed within one day of the court's order and is therefore timely.

6.3. Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation and internal quotation marks omitted). Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked," and which the movant could reasonably believe would have altered the court's original decision. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Shearard, 2010 WL 2243414, at *1; Local Civil Rule 6.3. "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Cordero v. Astrue, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

"A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." Davidson v. Scully, 172

6

F. Supp. 2d 458, 461 (S.D.N.Y. 2001); see also Hall v. North Bellmore Union Free Sch. Dist., No. 08-CV-1999, 2010 WL 2267399, at *1 (E.D.N.Y. May 30, 2010) ("Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion."); Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) ("A court must narrowly construe and strictly apply Rule 6.3 so as to avoid duplicative rulings on previously considered issues and to prevent Rule 6.3 from being used to advance different theories not previously argued, or as a substitute for appealing a final judgment."); Cordero, 574 F. Supp. 2d at 380 ("Neither Rule 59(e) or Local Civil Rule 6.3 . . . is an appropriate vehicle . . . to advance new facts, issues, or arguments not previously presented to the court." (citation and internal quotation marks omitted)).

Having reviewed plaintiff's motion for reconsideration, the court finds that it does not satisfy the demanding standard for reconsideration under Rule 59(e). Plaintiff has not cited, nor does the court find, any error or any overlooked law or fact in the record, or any change in governing law. See Shrader, 70 F.3d at 257. Moreover, plaintiff does not allege, nor does the court find, that

7

reconsideration is warranted to prevent manifest injustice or that there is newly available evidence.

Instead, plaintiff's motion advances, for the first time, the legal basis upon which plaintiff relies in support of its request for injunctive relief. Plaintiff fails to explain why it failed, in its initial tardy submissions seeking expedited relief, to provide any legal support for the "extraordinary and drastic" injunctive remedy sought. Plaintiff's motion for reconsideration may be denied on this basis alone.

Moreover, the single district court case upon which plaintiff relies in support of its motion for reconsideration, UBS Securities LLC v. Voegeli, 684 F. Supp. 2d 351 (S.D.N.Y. 2010), is inapposite. In that case, the plaintiff successfully obtained an injunction to enjoin the defendant investors from pursing claims for a FINRA arbitration against the plaintiff. The court found that the parties had not agreed to arbitrate their claims and that the defendants were not customers of the plaintiff, a FINRA member, and thus were not entitled to arbitration of their dispute under FINRA's mandatory arbitration rules. Thus, plaintiff would suffer irreparable harm if required to arbitrate claims that it did not agree to submit to arbitration. Here, however, plaintiff Dira Realty has agreed to

arbitrate disputes arising under its collective bargaining agreement with the defendant Union.  Dira's argument that the Union's failure to comply with the time limits for arbitration vitiates the Agreement and its obligation to arbitrate is an issue to be addressed by Judge Johnson in the context of defendant's motion to dismiss this action or by the arbitrator.

## Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration is denied.

**SO ORDERED**.

Dated:     Brooklyn, New York
           December 28, 2010

                                   _____/s/_____
                                   Kiyo A. Matsumoto
                                   United States District Judge

9